UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| U.S. BANK, N.A., <br><br>    Plaintiff, <br><br> v. <br><br> JANETT ALVARADO, et al, <br><br>    Defendants. | Civil Action No. <br><br> 2:15-02632-SDW-SCM <br><br> **ON PLAINTIFF'S MOTION TO REMAND [D.E. 8]** |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

**I.   INTRODUCTION**

Plaintiff U.S. Bank, N.A.[1] ("U.S. Bank") moves to remand this action to the Superior Court of New Jersey, Chancery Division, Bergen County.[2] Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, U.S.D.J., referred U.S. Bank's motion to the undersigned for a Report and Recommendation.  For the reasons stated below, it is respectfully recommended that U.S. Bank's unopposed Motion to Remand be **GRANTED.**

---

[1] U.S. Bank, N.A. is successor Trustee to Bank of America, N.A., successor in interest to LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates Series 2006-AR11 Trust.

[2] (ECF Docket Entry No. ("D.E.") 8).

1

**II.   BACKGROUND AND PROCEDURAL HISTORY**

U.S. Bank seeks foreclosure of mortgaged property owned by Defendant Janett Alvarado ("Alvarado").[3] On February 27, 2015, U.S. Bank filed its Complaint in New Jersey Superior Court, alleging that Alvarado defaulted on her loan.[4] Alvarado timely removed the action to this Court on the grounds of diversity and federal question jurisdiction arising from a defense under the Fair Debt Collection Practices Act ("FDCPA").[5]

On August 13, 2015, U.S. Bank moved to remand the action to state court alleging this Court lacks subject matter jurisdiction for the following reasons: (1) Alvarado is a New Jersey citizen and therefore the forum defendant rule precludes this Court from exercising diversity jurisdiction; and (2) the Complaint raised no issues of federal law and seeks relief based solely on state law.[6] Alvarado does not oppose the motion.[7]

---

[3] (D.E. 1-2, Compl.).

[4] (*Id.* at ¶ 6).

[5] (*Id.* at ¶¶ 1, 5, 10).

[6] (D.E. 8-1).

[7] (D.E. 10).

### III. **DISCUSSION AND ANALYSIS**

#### A. **Legal Standard**

It is well established under the federal removal statute that a civil action brought in any state court may be removed by a defendant or the defendants to the proper federal district court with original jurisdiction.[8] However, "[r]emoval is not appropriate if the case does not fall within the district court's original federal question jurisdiction and the parties are not diverse."[9]

The Third Circuit directs its courts to strictly construe 28 U.S.C. § 1441 against removal and to resolve all doubts in favor of remand.[10] It is assumed "that federal courts lack jurisdiction unless the contrary appears affirmatively from the record."[11] As a result, "the burden is on the removing party to show the case belongs in federal court."[12]

---

[8] *See* 28 U.S.C. § 1441(a).

[9] *DeJoseph v. Cont'l Airlines, Inc.*, 18 F. Supp. 3d 595, 597 (D.N.J. 2014).

[10] *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing *Brown v. Francis*, 75 F.3d 860, 865-65 (3d Cir. 1996)).

[11] *DeJoseph*, 18 F. Supp. 3d at 598 (quoting *Philadelphia Fed'n of Teachers, Am. Fed'n of Teachers, Local 3, ALF-CIO v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)).

**B. Analysis**

While U.S. Bank states numerous reasons in support of remanding this action to state court, this analysis focuses on the forum-defendant rule and the absence of a federal question. Notably, Alvarado does not oppose the Motion to Remand.[13]

**1. The "Forum-Defendant Rule"**

Removal based solely on diversity is precluded if one of the defendants is a citizen of the state in which the plaintiff originally filed the case.[14] The underlying action originated in New Jersey state court.[15] Alvarado is a citizen of New Jersey and therefore, a resident of this forum.[16] Therefore, this action is subject to remand even if complete diversity exists.[17]

---

[12] *Constantino v. Cont'l Airlines, Inc.*, No. 13-CV-1770 CCC, 2014 WL 2587526, at *1 (D.N.J. June 9, 2014)(citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

[13] (D.E. 10).

[14] *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997); 28 U.S.C. § 1441(b)(2).

[15] (D.E. 1, Notice of Removal at ¶ 8).

[16] (*Id.* at ¶ 3).

[17] *See Gilbert v. Heine*, No. 13-4756 ES, 2014 WL 145285, at *4 (D.N.J. June 9, 2014)(quoting *Richards v. I-Flow Corp.*, No. 09-4002, 2010 WL 2516808, at *1 (D.N.J. June 11, 2010)).

**2. Well-Pleaded Complaint Rule**

In the absence of diversity jurisdiction, a complaint must present a question implicating federal law.[18] To determine whether a "claim is one 'arising under' federal law," the complaint must affirmatively allege a federal claim as provided by the "well-pleaded complaint rule."[19] Under the rule, the plaintiff is "the master of the claim" and "he or she may avoid federal question jurisdiction by exclusive[ly] rel[ying] on state law."[20] Accordingly, a case is not removable by a defendant on the basis of a federal defense.[21] This is true "even if the plaintiff's complaint anticipates such defense," and "even if both parties concede that the federal defense is the only question truly at issue."[22]

---

[18] *See Mitsui O.S.K. Lines, Ltd. v. Evans Delivery Co.*, 948 F. Supp. 2d 406, 410 (D.N.J. 2013) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[19] *Constantino,* 2014 WL 2587526, at *2 (citing *Beneficial Nat'l Bank v. Anderson*, 538 U.S. 1, 6 (2003)); *see also Green Tree Servicing LLC v. Dillard,* No. CIV.A. 14-8058 JBS, 2015 WL 849044, at *2 (D.N.J. Feb. 27, 2015).

[20] *Constantino,* 2014 WL 2587526, at *2 (citing *Caterpillar Inc.*, 482 U.S. 386 at 392).

[21] *Id.*

[22] *Bank of New York Mellon Trust Co., Nat. Ass'n v. Poczobut*, No. CIV.A. 13-3303 SRC, 2013 WL 4012561, at *2 (D.N.J. Aug. 5, 2013) (quoting *Caterpillar, Inc.,* 482 U.S. at 393). *See also Green Tree Servicing LLC,* 2015 WL 849044, at *2.

5

Guided by the well-pleaded complaint rule, this Court finds that the face of the Complaint here does not raise any issues of federal law. As "master of the claim," U.S. Bank was entitled, and chose, to exclusively seek rights and relief pursuant to state foreclosure law. Given U.S. Bank's choice, Alvarado cannot attempt to create subject matter jurisdiction by raising a federal defense or counterclaim in response. Accordingly, Alvarado, as the removing party, has not met the burden of demonstrating this case belongs in federal court, and this Court finds that remand is proper.

**IV. <u>CONCLUSION</u>**

In conclusion, the undersigned respectfully recommends that Plaintiff's Motion to Remand[23] be **GRANTED**. The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 72.1(c)(2).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/2/2015 3:35:44 PM

---

[23] (D.E. 8).